IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RAHEIM DOLEMAN,**

        **Plaintiff,**

v.	Civil Action No. 5:17cv171
        (Judge Stamp)

**JOSEPH DELONG; JOHN S.
SHEELEY; SGT. BULLOCK;
LT. TATE, JIM OXFORD, CHAD
HOTT; JOHN DOE CORRECTIONAL
OFFICERS; JOHN DOE PROGRAM
MANAGER; PRIME CARE MEDICAL,**

        **Defendants.**

## REPORT AND RECOMMENDATION

On November 20, 2017, the pro se plaintiff initiated this case by filing a civil rights complaint against the above-named defendants together with a Motion for Leave to Proceed in forma pauperis. On November 30, 2017, the plaintiff was granted leave to proceed in forma pauperis, and on February 5, 2018, he paid the required initial partial filing fee. On February 13, 2018, an Order was entered requiring the plaintiff to clarify his claims by filing an amended complaint. On March 19, 2018, the plaintiff filed his amended complaint. ECF No. 26. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P2 and 28 U.SC. § 1915(e)(2) and 1915 (A).

### I. Factual and Procedural History

#### A. The Complaint

1

In the complaint, the plaintiff alleges that on or about October 2013, he approached several different correctional officers at the Eastern Regional Jail asking to be placed in protective custody because he was having problems on Pod A-1. The plaintiff asserts that after several written and verbal requests, he was finally placed in protective custody. However, the plaintiff maintains that two weeks later, Jim Oxford and Lt. Tate came to the segregation unit and advised him that he would be moved back to general population. The plaintiff claims that he objected repeatedly and asked them to leave him there. The plaintiff claims that Lt. Tate replied that "he could walk there or be dragged there; the decision was his." ECF No. 26 at p. 18. The plaintiff indicates he was then placed on Pod A-4, where he was extorted and harassed again. The plaintiff alleges that on December 24, 2013, he was viciously attacked and held down by three inmates, while one of the inmates sexually abused and raped him. He maintains that he contacted the West Virginia State Police and reported the rape. He further alleges that he was taken to the Martinsburg City Hospital where rape kit was performed. The plaintiff contends that the "State Police and Correctional Officers wanted me to tell who it was that raped me, I could not tell them; I was scared for my life! I tried to explain that the people that raped me knew me and my family and had large contacts on the street." ECF No. 26 at p. 18. In addition, the plaintiff asserts that he was denied psychological treatment because he would not identify his rapist.

In summary, the plaintiff alleges that the various defendants were deliberately indifferent to his safety and violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourth Amendment right to due process. For relief, he

seeks injunctive relief in the form of an immediate evaluation by a licensed Trauma Psychiatrist that specializes in the field of PTSD/RAPE and a discharge from his sentence and incarceration.[1]  In addition, he seeks compensatory and punitive damages.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read pro se allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless

---

[1] To the extent the plaintiff seeks immediate release from incarceration, even if that were appropriate relief, the request is now moot. The plaintiff has been released and is under the supervision of a parole officer.

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon

3

> lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### III.   Analysis

**A.  Statute of Limitations**

Section 1983 does not contain an express statute of limitations; therefore, federal courts apply the forum state's statute of limitations for personal injury claims, see Wallace v. Kato, 549 U.S. 384, 387 (2007); Owens v. Baltimore City State's Attorney Office, 767 F.3d 379, 388 (4th Cir. 2014), and its corresponding tolling rules. Thus, there timeliness is determined based upon the relevant state limitations period for personal injury actions.

W,Va, Code § 55-2-12(b) provides:

> Every personal action for which no limitations is otherwise prescribed shall be brought: (a)  within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall accrued if it be for damages for personal injuries; and (c) within one year or next after the right to bring the same shall have accrued if it be for any other matter of such a nature that, in case a party dies, it

---

which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

> could not have been brought at common law by or against his personal representative.

In this case, the plaintiff's claims against the defendants are clearly outside the two-year applicable statute of limitations. The complaint clearly states that the plaintiff was raped on December 24, 2013. Given that the plaintiff alleges that he contacted the State police and was taken to the Martinsburg City Hospital for rate kit, it is clear that he was aware of his claim on that date.

The undersigned is cognizant that while a Bivens plaintiff pursues his administrative remedies, as he is obligated to do by the PLRA, the otherwise applicable statute of limitations is tolled. See Flowers v. Phelps, 514 Fed. Appx. 100, n.1 (3d Cir. 2013) ("[B]ecause the exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act ("PLRA") the statute of limitations applicable to § 1983 actions may be tolled while a prisoner exhausts"); Gonzalez v. Hasty, 651 F.3d 318, 324-25 (2d Cir. 2011) ("The catch-22 is self-evident: the prisoner who waits to exhaust his administrative remedies risk dismissal based on § 1997e; whereas the prisoner who waits to exhaust his administrative remedies risk dismissal based upon timeliness." (internal citations and quotations omitted); see, e.g., Williams v. Pulaski Cty. Det. Facility, 278 Fed. Appx. 695, 695-96 (8th Cir. 2008); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000); Harris v. Hagemann, 198 F.3d 153, 157-59 (5th Cir. 1999). Young v. Thompson, No. 2:10cv66, 2011 WL 3297494 (N.D.W. Va. July 29, 2011) (citing Johnson v. Lappin, 2011 WL 560459 (S.D.W. Va. Jan 6, 2011)); Lopez v. S.C.D.C., No. 3:06251-PMD-JM, 2007 WL 2021875 *2 (D.S.C. 2007) ("the Fourth

Circuit has not addressed the issue of whether the statute of limitations for a § 1983 action should be equitably tolled while a prisoner is exhausting the administrative process. However, the 'uniform holdings of the circuits that have considered the question' typically tolls the statute of limitations.") citing Brown 422 F.3d at 943.

  The West Virginia Regional Jail Authority makes available to inmates housed in its facilities a grievance procedure through which they may seek review of complaints related to the conditions of their confinement.  Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined.  Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized.  If the grievance is rejected, the Administrator must advise the inmate of the rejection.  If the grievance is not rejected, the Administrator may assign a staff member to investigate the complaint.  Such staff is then required to submit a written report within forty-eight (48) hours.  Within two days of receipt of the written report, the Administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision.  If the Administrator's response is unfavorable, the inmate may appeal to the Chief of Operation within five days of the receipt of the Administrator's decision.  Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days.  The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days.  Within 10 days of receiving

all the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance.  If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response.  To do so, the inmate must mail to the Executive Director, copies of the original complaint and all the responses thereto.  The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information.  Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process.  The grievance process must be concluded within 60 days, inclusive of any extensions.

In the instant case, the plaintiff did not initiate the grievance process until September 27, 2016, well after the two-year statute of limitations had expired. Therefore, it cannot serve to toll the limitations period, and this complaint is due to be dismissed as untimely.[3]

The undersigned recognizes that the statute of limitations is an affirmative defense, which means that the defendant generally bears the burden of affirmatively pleading its existence.  See Fed.R.Civ.P 8(c); Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005)("the raising of the statute of limitations ...constitutes an affirmative defense.") Moreover, where a defendant has failed to raise a statute of

---

[3] It would appear that the plaintiff did not initiate the grievance process until he first attempted to file a claim with the Court of Claims in 2016. The claim was denied on September 20, 2016, after the Court, reviewed the claim and determined that the it was an action within 42 U.S.C. § 1983 which was not within its jurisdiction, but instead, must be brought with the state or federal court systems. ECF No. 26 at p. 41.

7

limitations defense by way of its answer, the defense is usually waived.  See Peterson v. Air Line Pilots Ass'n Int'l, 759 F.2d 1161, 1664 (4th Cir. 1985).  Because the statute of limitations is a waivable defense, its restrictions are not jurisdictional in nature, and in an ordinary civil case, "the district court should [refrain] from raising and considering the statute of limitations defense *sua sponte*." Eriline Company S.A. v. James P. Johnson, 440 F.3d 648, 657 (4th Cir. 2006).  However, the Fourth Circuit has also recognized that the statute of limitations may be addressed *sua sponte* when such a defense appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, see Nasim v. Warden, Md. House of Corrections, 64 F.3d 951, 953-54 (4th Cir. 1995).

In Nasim, the Court concluded that, in evaluating a complaint filed *in forma pauperis* pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense. See 64 F.3d at 943-54.  In reaching this conclusion, the Court observed that, in eliminating the requirement for paying costs, § 1915 removed "any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," and therefore presented the potential to overburden the judicial system with patently meritless lawsuits. Id. Moreover, § 1915 requires a district court to screen initial filings and directs a district court to dismiss a complaint filed *in forma pauperis* "at any time if the court determined that...the action or appeal...is frivolous or malicious...[or] fails to state a claim on which relief may be granted." § 1915(3)92)(B)(I)-(ii). Accordingly, the Court

explained that this screening authority distinguishes *in forma pauperis* suits and establishes a justification for an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*. Id. at 953-54. See also Castillo v. Grogan, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); Alston v. Tennessee Dept. of Corrections, 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002) ("Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.); Fraley v. Ohio Gallia County, 1988 WL 789385 * 1 (6th Cir., Oct.30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); Hunterson v. Disbabato, 2007 WL 1771315 * 1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations period has run); Pino v. Ryan 49 F.3d 51, 53-54 (2d Cir. 1995) (concluding that district court can raise statute of limitations defense *sua sponte* in evaluating complaint filed pursuant to § 1915).

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that this action be **DISMISSED WITH PREJUDICE as having been filed in violation of the statute of limitations.**

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such

objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

Upon entry of this Report and Recommendation, the clerk of court is **DIRECTED** to terminate the Magistrate Judge association with this case. The Clerk is further **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to the plaintiff's last known address as shown on the docket.

**ENTER:  January 2, 2019.**

*/s/ James P. Mazzone*
**JAMES P. MAZZONE**
**UNITED STATES MAGISTRATE JUDGE**