IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAHEIM DOLEMAN,

        Plaintiff,

v.                                      Civil Action No. 5:17CV171
                                                           (STAMP)
JOSEPH DELONG, Administrator,
JOHN S. SHEELEY for
Eastern Regional Jail,
SGT. BULLOCK,
LT. TATE, Psychiatrist,
JIM OXFORD, Medical Director,
CHAD HOTT and
JOHN DOE CORRECTIONAL OFFICERS
at Eastern Regional Jail,

        Defendants.


            **MEMORANDUM OPINION AND ORDER
         AFFIRMING AND ADOPTING THE REPORT AND
          RECOMMENDATION OF THE MAGISTRATE JUDGE
         AND DISMISSING THE PLAINTIFF'S COMPLAINT**

                    I.  Procedural History

    The pro se[1] plaintiff, Raheim Doleman, filed this civil action asserting claims under 42 U.S.C. § 1983. This civil action was referred to United States Magistrate Judge James E. Seibert under Local Rule of Prisoner Litigation Procedure 2, and then reassigned to United States Magistrate Judge James P. Mazzone. The plaintiff then filed an amended complaint against the above-named defendants. ECF No. 26.

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Magistrate Judge James P. Mazzone issued a report and recommendation (ECF No. 34) recommending that the plaintiff's complaint be dismissed with prejudice as having been filed in violation of the statute of limitations. The plaintiff did not file objections to the report and recommendation.

For the following reasons, this Court AFFIRMS and ADOPTS the report and recommendation in its entirety and DISMISSES the plaintiff's complaint with prejudice.

## II. Facts

The plaintiff, Raheim Doleman ("Doleman"), alleges in his amended complaint (ECF No. 26) that on or about October 2013, he approached several different correctional officers at the Eastern Regional Jail asking to be placed in protective custody because he was having problems on Pod A-1. The plaintiff asserts that after several written and verbal requests, he was finally placed in protective custody. However, the plaintiff maintains that two weeks later, Jim Oxford and Lt. Tate came to the segregation unit and advised him that he would be moved back to general population. The plaintiff claims that he objected repeatedly and asked them to leave him there. The plaintiff claims that Lt. Tate replied that "he could walk there or be dragged there; the decision was his." ECF No. 26 at p. 18. The plaintiff indicates he was then placed on Pod A-4, where he was extorted and harassed again. The plaintiff alleges that on December 24, 2013, he was viciously attacked and

held down by three inmates, while one of the inmates sexually abused and raped him. Plaintiff maintains that he contacted the West Virginia State Police and reported the rape. Plaintiff further alleges that he was taken to the Martinsburg City Hospital where rape kit was performed. The plaintiff contends that the "State Police and Correctional Officers wanted me to tell who it was that raped me, I could not tell them; I was scared for my life! I tried to explain that the people that raped me knew me and my family and had large contacts on the street." ECF No. 26 at 18. In addition, the plaintiff asserts that he was denied psychological treatment because he would not identify his rapist. In summary, the plaintiff alleges that the various defendants were deliberately indifferent to his safety and violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourth Amendment right to due process. For relief, plaintiff seeks injunctive relief in the form of an immediate evaluation by a licensed Trauma Psychiatrist that specializes in the field of PTSD/RAPE and a discharge from his sentence and incarceration. In addition, plaintiff seeks compensatory and punitive damages.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to findings where no objections were made, such findings and recommendations

3

will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## IV. Discussion

In his report and recommendation, the magistrate judge found that Section 1983 does not contain an express statute of limitations; therefore, federal courts apply the forum state's statute of limitations for personal injury claims and its corresponding tolling rules. ECF No. 34 at 4. Thus, timeliness is determined based upon the relevant state limitations period for personal injury actions. Id. Specifically, the magistrate judge noted that in this case, the plaintiff's claims against the defendants are clearly outside the two-year applicable statute of limitations. Id. at 5. The magistrate judge concluded that the complaint clearly states that the events giving rise to plaintiff's complaint occurred in 2013, and that based on plaintiff's alleged actions, it is clear that he was aware of his claim at that time. Id. The magistrate judge also noted that in the instant case, the plaintiff did not initiate the grievance process until September 27, 2016, well after the two-year statute of limitations had expired. Id. at 7. Therefore, the grievance

4

process cannot serve to toll the limitations period, and this complaint is due to be dismissed as untimely.  Id.  Thus, the magistrate judge concluded that this action was filed in violation of the statute of limitations and recommended that it be dismissed with prejudice.

Upon review, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation.

V. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 34) is AFFIRMED and ADOPTED. Accordingly, the plaintiff's complaint is DISMISSED WITH PREJUDICE.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to

counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    February 11, 2019

<pre>
                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE
</pre>